# Court of Appeals
# of the State of Georgia

ATLANTA,    December 17, 2015

*The Court of Appeals hereby passes the following order:*

### A16E0019.   ARCHIBALD HILL, III v. GEORGIA DEPARTMENT OF HUMAN SERVICES et al.

Archibald Hill, III has filed an emergency motion for writ of supersedeas with this Court under Court of Appeals Rule 40 (b).  In support of his motion, Hill has also filed in this Court the following documents: A copy of an order entered by the Superior Court of Henry County on December 15, 2015, finding Hill in contempt for failure to pay child support and ordering him incarcerated unless he purges himself from contempt; an unsigned, draft copy of an "Application for Appellate Review" dated December 16, 2015, which has not been stamped "filed" by the clerk of the trial court; an unsigned, draft "Motion/Application for Supersedeas" citing OCGA § 5-6-13, which has not been stamped "filed" by the clerk of the trial court; an unsigned, draft copy of a "Notice of Appeal" dated December 15, 2015, which has not been stamped "filed" by the clerk of the trial court; and a signed copy of an order denying "Motion for Supersedeas," which has not been stamped "filed" by the clerk of the trial court.

Hill contends in his emergency motion that he is entitled to a supersedeas under the provisions of OCGA §§  5-6-13,[1] 9-11-62 and 5-6-34.  However, Hill has failed

---

[1] That section provides that "[a] judge of any trial court or tribunal having the power to adjudge and punish for contempt shall grant to any person convicted of or adjudged to be in contempt of court a supersedeas upon application and compliance with the provisions of law as to appeal and certiorari, where the person also submits, within the time prescribed by law, written notice that he intends to seek review of the conviction or adjudication of contempt.  It shall not be in the discretion of any trial

to support his motion with the appropriate signed and stamp "filed" copies of the motions and notices he filed in the trial court and likewise has failed to file with his emergency motion a stamped "filed" copy of the order denying his motion for supersedeas. Thus, this Court has no way of knowing whether the documents filed in this Court reflect the motions and notices filed in the trial court and/or whether such motions and notices provided to this Court have in fact been filed with that court. See Court of Appeals Rule 40 (b). Thus, Hill has not demonstrated his entitlement to the grant of supersedeas by the trial court under OCGA § 5-6-13 and has failed to show that a notice of appeal has been filed triggering the application of OCGA § 5-6-34. *Cross v. Ivester*, 315 Ga. App. 760, 769 (728 SE2d 299) (2012) (OCGA § 5-6-13 "requires a court to grant supersedeas only if a person applies for supersedeas and submits a written notice of intent to appeal.") (citation omitted). Accordingly, we decline to rule on his motion and it is hereby dismissed.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*_____12/17/2015_____
*I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____, *Clerk.*

---

court judge to grant or refuse a supersedeas in cases of contempt."